# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC** | |
| **Plaintiff,** | Civil Action No.  2:19-cv-115-JRG |
| **v.** | |
| **APPLE INC.** | **JURY TRIAL REQUESTED** |
| **Defendant.** | |

## SEVEN'S ANSWER TO APPLE'S COUNTERCLAIMS

Plaintiff SEVEN Networks, LLC ("SEVEN") responds to the Counterclaims filed by Defendant Apple Inc. (Dkt. No. 14) as follows.   SEVEN denies all allegations and characterizations in Apple's Counterclaims unless expressly admitted in the following paragraphs.

## PARTIES

1.      Responding to the allegations in Paragraph 1 of Apple's Counterclaims, SEVEN admits that, on information and belief, and based on representations by Apple in its Counterclaims, Apple is a California corporation having its principal place of business at 1 Apple Park Way, Cupertino, California 95014.  SEVEN admits that Apple designs and markets mobile phones and personal computers.

2.      Responding to the allegations in Paragraph 2 of Apple's Counterclaims, SEVEN admits that it is a company formed under the laws of Delaware with its principal place of business at 2660 East End Boulevard South, Marshall, Texas 75672.

**JURISDICTION**

3.      Responding to the allegations in Paragraph 3 of Apple's Counterclaims, SEVEN admits only that Apple's Counterclaims purport to arise under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over such claims.

4.      Responding to the allegations in Paragraph 4 of Apple's Counterclaims, SEVEN admits only that it is subject to personal jurisdiction in this Court for the purposes of Apple's Counterclaims.

5.      Responding to the allegations in Paragraph 5 of Apple's Counterclaims, SEVEN admits only that venue is proper in this district.

**DECLARATORY JUDGMENT COUNTERCLAIMS**

**SEVEN'S ASSERTED PATENTS**

6.      Responding to the allegations in Paragraph 6 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 5 of this Answer.

7.      SEVEN states that it is the owner of U.S. Patent No. 9,369,539 ("the '539 patent"), that the '539 patent was duly and legally issued on June 14, 2016, that the '539 patent is valid and enforceable, that SEVEN is the original assignee of the '539 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '539 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 7.

8.      SEVEN states that it is the owner of U.S. Patent No. 9,438,550 ("the '550 patent"), that the '550 patent was duly and legally issued on September 6, 2016, that the '550 patent is valid and enforceable, that SEVEN is the original assignee of the '550 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's

infringement of the '550 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 8.

9.      SEVEN states that it is the owner of U.S. Patent No. 9,473,914 ("the '914 patent"), that the '914 patent was duly and legally issued on October 18, 2016, that the '914 patent is valid and enforceable, that SEVEN is the original assignee of the '914 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '914 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 9.

10.     SEVEN states that it is the owner of U.S. Patent No. 9,516,127 ("the '127 patent"), that the '127 patent was duly and legally issued on December 6, 2016, that the '127 patent is valid and enforceable, that SEVEN is the original assignee of the '127 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '127 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 10.

11.     SEVEN states that it is the owner of U.S. Patent No. 9,603,056 ("the '056 patent"), that the '056 patent was duly and legally issued on March 21, 2017, that the '056 patent is valid and enforceable, that SEVEN is the original assignee of the '056 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '056 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 11.

12.     SEVEN states that it is the owner of U.S. Patent No. 9,608,968 ("the '968 patent"), that the '968 patent was duly and legally issued on March 28, 2017, that the '968 patent is valid and enforceable, that SEVEN is the original assignee of the '968 patent, and that SEVEN

has the full and exclusive right to bring action and recover damages for Apple's infringement of the '968 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 12.

13.     SEVEN states that it is the owner of U.S. Patent No. 9,648,557 ("the '557 patent"), that the '557 patent was duly and legally issued on May 9, 2017, that the '557 patent is valid and enforceable, that SEVEN is the original assignee of the '557 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '557 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 13.

14.     SEVEN states that it is the owner of U.S. Patent No. 9,712,476 ("the '476 patent"), that the '476 patent was duly and legally issued on July 18, 2017, that the '476 patent is valid and enforceable, that SEVEN is the original assignee of the '476 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '476 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 14.

15.     SEVEN states that it is the owner of U.S. Patent No. 9,712,986 ("the '986 patent"), that the '986 patent was duly and legally issued on July 18, 2017, that the '986 patent is valid and enforceable, that SEVEN is the original assignee of the '986 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '986 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 15.

16.     SEVEN states that it is the owner of U.S. Patent No. 9,769,176 ("the '176 patent"), that the '176 patent was duly and legally issued on September 19, 2017, that the '176

patent is valid and enforceable, that SEVEN is the original assignee of the '176 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '176 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 16.

17.     SEVEN states that it is the owner of U.S. Patent No. 10,027,619 ("the '619 patent"), that the '619 patent was duly and legally issued on July 17, 2018, that the '619 patent is valid and enforceable, that SEVEN is the original assignee of the '619 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '619 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 17.

18.     SEVEN states that it is the owner of U.S. Patent No. 10,039,029 ("the '029 patent"), that the '029 patent was duly and legally issued on July 31, 2018, that the '029 patent is valid and enforceable, that SEVEN is the original assignee of the '029 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '029 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 18.

19.     SEVEN states that it is the owner of U.S. Patent No. 10,091,734 ("the '734 patent"), that the '734 patent was duly and legally issued on October 2, 2018, that the '734 patent is valid and enforceable, that SEVEN is the original assignee of the '734 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '734 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 19.

20.     SEVEN states that it is the owner of U.S. Patent No. 10,110,534 ("the '534 patent"), that the '534 patent was duly and legally issued on October 23, 2018, that the '534 patent is valid and enforceable, that SEVEN is the original assignee of the '534 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '534 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 20.

21.     SEVEN states that it is the owner of U.S. Patent No. 10,135,771 ("the '771 patent"), that the '771 patent was duly and legally issued on November 20, 2018, that the '771 patent is valid and enforceable, that SEVEN is the original assignee of the '771 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '771 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 21.

22.     SEVEN states that it is the owner of U.S. Patent No. 10,243,962 ("the '962 patent"), that the '962 patent was duly and legally issued on March 26, 2019, that the '962 patent is valid and enforceable, that SEVEN is the original assignee of the '962 patent, and that SEVEN has the full and exclusive right to bring action and recover damages for Apple's infringement of the '962 patent. Except as specifically admitted, SEVEN denies the allegations and characterizations contained in Paragraph 22.

23.     Responding to the allegations in Paragraph 23 of Apple's Counterclaims, SEVEN admits that it has alleged that acts by Apple infringe the '539, '550, '914, '127, '056, '968, '557, '476, '986, '176, '619, '029, '734, '534, '771, and '962 patents (collectively, the "Patents-in-Suit"), but states that Apple has been and is still infringing (literally and/or under the Doctrine of Equivalents), contributing to infringement, and/or inducing others to infringe the Patents-in-Suit

by making, using, offering for sale, selling, or importing accused instrumentalities that practice the Patents-in-Suit.[1]

24.     SEVEN states that the allegations in Paragraph 24 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 24.

## COUNT I

### Declaration of Noninfringement of U.S. Patent No. 9,369,539

25.     Responding to the allegations in Paragraph 25 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 24 of this Answer.

26.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '539 patent.

27.     SEVEN states that the allegations in Paragraph 27 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 27.

28.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '539 patent, including by way of example claim 7.  SEVEN otherwise denies the allegations and characterizations in Paragraph 28 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '539 patent, and refers to the '539 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

---

[1] SEVEN asserts that Apple literally infringes each of the patents-in-suit.  To the extent it is alleged that Apple does not literally infringe one or more elements of asserted claims of the patents-in-suit, SEVEN reserves the right to rely on the Doctrine of Equivalents.

29.     SEVEN states that the allegations in Paragraph 29 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 29.

30.     SEVEN states that the allegations in Paragraph 30 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 30.

## COUNT II

### Declaration of Invalidity of U.S. Patent No. 9,369,539

31.     Responding to the allegations in Paragraph 31 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 30 of this Answer.

32.     SEVEN states that the allegations in Paragraph 32 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 32.

33.     SEVEN states that the allegations in Paragraph 33 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 33.

34.     SEVEN states that the allegations in Paragraph 34 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 34.

## COUNT III

### Declaration of Noninfringement of U.S. Patent No. 9,438,550

35.     Responding to the allegations in Paragraph 35 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 34 of this Answer.

36.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '550 patent.

37.     SEVEN states that the allegations in Paragraph 37 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 37.

38.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '550 patent, including by way of example claim 15.   SEVEN otherwise denies the allegations and characterizations in Paragraph 38 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '550 patent, and refers to the '550 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

39.     SEVEN states that the allegations in Paragraph 39 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 39.

40.     SEVEN states that the allegations in Paragraph 40 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 40.

## COUNT IV

### Declaration of Invalidity of U.S. Patent No. 9,438,550

41.     Responding to the allegations in Paragraph 41 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 40 of this Answer.

42.     SEVEN states that the allegations in Paragraph 42 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 42.

43.     SEVEN states that the allegations in Paragraph 43 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 43.

44.     SEVEN states that the allegations in Paragraph 44 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 44.

## COUNT V

### Declaration of Noninfringement of U.S. Patent No. 9,473,914

45.     Responding to the allegations in Paragraph 45 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 44 of this Answer.

46.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '914 patent.

47.     SEVEN states that the allegations in Paragraph 47 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 47.

48.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '914 patent, including by way of example claim 21.  SEVEN otherwise denies the allegations and characterizations in Paragraph 48 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '914 patent, and refers to the '914 patent for its contents and to SEVEN's

infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

49.     SEVEN states that the allegations in Paragraph 49 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 49.

50.     SEVEN states that the allegations in Paragraph 50 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 50.

## COUNT VI

### Declaration of Invalidity of U.S. Patent No. 9,473,914

51.     Responding to the allegations in Paragraph 51 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 50 of this Answer.

52.     SEVEN states that the allegations in Paragraph 52 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 52.

53.     SEVEN states that the allegations in Paragraph 53 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 53.

54.     SEVEN states that the allegations in Paragraph 54 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 54.

## COUNT VII

### Declaration of Noninfringement of U.S. Patent No. 9,516,127

55.     Responding to the allegations in Paragraph 55 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 54 of this Answer.

56.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '127 patent.

57.     SEVEN states that the allegations in Paragraph 57 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 57.

58.     SEVEN admits that is has alleged that Apple has and continues to infringe one or more claims of the '127 patent, including by way of example claim 33.   SEVEN otherwise denies the allegations and characterizations in Paragraph 58 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '127 patent, and refers to the '127 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

59.     SEVEN states that the allegations in Paragraph 59 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 59.

60.     SEVEN states that the allegations in Paragraph 60 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 60.

## COUNT VIII

### Declaration of Invalidity of U.S. Patent No. 9,516,127

61.     Responding to the allegations in Paragraph 61 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 60 of this Answer.

62.     SEVEN states that the allegations in Paragraph 62 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 62.

63.     SEVEN states that the allegations in Paragraph 63 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 63.

64.     SEVEN states that the allegations in Paragraph 64 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 64.

## COUNT IX

### Declaration of Noninfringement of U.S. Patent No. 9,603,056

65.     Responding to the allegations in Paragraph 65 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 64 of this Answer.

66.     SEVEN admits that is has alleged that Apple has and continues to infringe one or more claims of the '056 patent.

67.     SEVEN states that the allegations in Paragraph 67 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 67.

68.    SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '056 patent, including claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 68 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '056 patent, and refers to the '056 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

69.    SEVEN states that the allegations in Paragraph 69 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 69.

70.    SEVEN states that the allegations in Paragraph 70 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 70.

## COUNT X

### Declaration of Invalidity of U.S. Patent No. 9,603,056

71.    Responding to the allegations in Paragraph 71 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 70 of this Answer.

72.    SEVEN states that the allegations in Paragraph 72 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 72.

73.    SEVEN states that the allegations in Paragraph 73 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 73.

74.     SEVEN states that the allegations in Paragraph 74 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 74.

## COUNT XI

### Declaration of Noninfringement of U.S. Patent No. 9,608,968

75.     Responding to the allegations in Paragraph 75 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 74 of this Answer.

76.     SEVEN admits that is has alleged that Apple has infringed  and continues to infringe one or more claims of the '968 patent.

77.     SEVEN states that the allegations in Paragraph 77 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 77.

78.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '968 patent, including claim 1.  SEVEN otherwise denies the allegations and characterizations in in Paragraph 78 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '968 patent, and refers to the '968 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

79.     SEVEN states that the allegations in Paragraph 79 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 79.

80.     SEVEN states that the allegations in Paragraph 80 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 80.

## COUNT XII

### Declaration of Invalidity of U.S. Patent No. 9,608,968

81.     Responding to the allegations in Paragraph 81 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 80 of this Answer.

82.     SEVEN states that the allegations in Paragraph 82 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 82.

83.     SEVEN states that the allegations in Paragraph 83 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 83.

84.     SEVEN states that the allegations in Paragraph 84 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 84.

## COUNT XIII

### Declaration of Noninfringement of U.S. Patent No. 9,648,557

85.     Responding to the allegations in Paragraph 85 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 84 of this Answer.

86.     SEVEN admits that is has alleged that Apple has infringed and continues to infringe one or more claims of the '557 patent.

87.     SEVEN states that the allegations in Paragraph 87 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 87.

88.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '557 patent, including claim 14.  SEVEN otherwise denies the allegations and characterizations in Paragraph 88 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '557 patent, and refers to the '557 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

89.     SEVEN states that the allegations in Paragraph 89 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 89.

90.     SEVEN states that the allegations in Paragraph 90 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 90.

## COUNT XIV

### Declaration of Invalidity of U.S. Patent No. 9,648,557

91.     Responding to the allegations in Paragraph 91 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 90 of this Answer.

92.     SEVEN states that the allegations in Paragraph 92 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 92.

93.     SEVEN states that the allegations in Paragraph 93 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 93.

94.     SEVEN states that the allegations in Paragraph 94 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 94.

## COUNT XV

### Declaration of Noninfringement of U.S. Patent No. 9,712,476

95.     Responding to the allegations in Paragraph 95 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 94 of this Answer.

96.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '476 patent.

97.     SEVEN states that the allegations in Paragraph 97 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 97.

98.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '476 patent, including claims 23 and 33.  SEVEN otherwise denies the allegations and characterizations in Paragraph 98 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '476 patent, and refers to the '476 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

99.     SEVEN states that the allegations in Paragraph 99 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 99.

100.    SEVEN states that the allegations in Paragraph 100 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 100.

## COUNT XVI

### Declaration of Invalidity of U.S. Patent No. 9,712,476

101.    Responding to the allegations in Paragraph 101 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 100 of this Answer.

102.    SEVEN states that the allegations in Paragraph 102 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 102.

103.    SEVEN states that the allegations in Paragraph 103 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 103.

104.    SEVEN states that the allegations in Paragraph 104 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 104.

## COUNT XVII

### Declaration of Noninfringement of U.S. Patent No. 9,712,986

105.    Responding to the allegations in Paragraph 105 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 104 of this Answer.

106.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '986 patent.

107.    SEVEN states that the allegations in Paragraph 107 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 107.

108.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '986 patent.  SEVEN otherwise denies the allegations and characterizations in Paragraph 108 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '986 patent, and refers to the '986 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

109.    SEVEN states that the allegations in Paragraph 109 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 109.

110.    SEVEN states that the allegations in Paragraph 110 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 110.

## COUNT XVIII

### Declaration of Invalidity of U.S. Patent No. 9,712,986

111.    Responding to the allegations in Paragraph 111 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 110 of this Answer.

112.     SEVEN states that the allegations in Paragraph 112 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 112.

113.     SEVEN states that the allegations in Paragraph 113 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 113.

114.     SEVEN states that the allegations in Paragraph 114 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 114.

## COUNT XIX

### Declaration of Noninfringement of U.S. Patent No. 9,769,176

115.     Responding to the allegations in Paragraph 115 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 114 of this Answer.

116.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '176 patent.

117.     SEVEN states that the allegations in Paragraph 117 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 117.

118.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '176 patent, including by way of example claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 118 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '176 patent, and refers to the '176 patent for its contents

and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

119.    SEVEN states that the allegations in Paragraph 119 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 119.

120.    SEVEN states that the allegations in Paragraph 120 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 120.

## COUNT XX

### Declaration of Invalidity of U.S. Patent No. 9,769,176

121.    Responding to the allegations in Paragraph 121 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 120 of this Answer.

122.    SEVEN states that the allegations in Paragraph 122 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 122.

123.    SEVEN states that the allegations in Paragraph 123 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 123.

124.    SEVEN states that the allegations in Paragraph 124 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 124.

## COUNT XXI

### Declaration of Noninfringement of U.S. Patent No. 10,027,619

125.     Responding to the allegations in Paragraph 125 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 124 of this Answer.

126.     SEVEN admits that it has alleged that Apple has and continues to infringe one or more claims of the '619 patent.

127.     SEVEN states that the allegations in Paragraph 127 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 127.

128.     SEVEN admits that it has alleged that Apple has infringement and continues to infringe one or more claims of the '619 patent, including by way of example claim 22.  SEVEN otherwise denies the allegations and characterizations in Paragraph 128 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '619 patent, and refers to the '619 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

129.     SEVEN states that the allegations in Paragraph 129 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 129.

130.     SEVEN states that the allegations in Paragraph 130 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 130.

## COUNT XXII

### Declaration of Invalidity of U.S. Patent No. 10,027,619

131.     Responding to the allegations in Paragraph 131 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 130 of this Answer.

132.     SEVEN states that the allegations in Paragraph 132 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 132.

133.     SEVEN states that the allegations in Paragraph 133 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 133.

134.     SEVEN states that the allegations in Paragraph 134 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 134.

135.     SEVEN states that the allegations in Paragraph 135 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 135.

136.     SEVEN states that the allegations in Paragraph 136 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 136.

137.     SEVEN states that the allegations in Paragraph 137 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 137.

## COUNT XXIII

**Declaration of Noninfringement of U.S. Patent No. 10,039,029**

138.    Responding to the allegations in Paragraph 138 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 137 of this Answer.

139.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '029 patent.

140.    SEVEN states that the allegations in Paragraph 140 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 140.

141.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '029 patent, including by way of example claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 141 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '029 patent, and refers to the '029 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

142.    SEVEN states that the allegations in Paragraph 142 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 142.

143.    SEVEN states that the allegations in Paragraph 143 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 143.

## COUNT XXIV

### Declaration of Invalidity of U.S. Patent No. 10,039,029

144.     Responding to the allegations in Paragraph 144 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 143 of this Answer.

145.     SEVEN states that the allegations in Paragraph 145 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 145.

146.     SEVEN states that the allegations in Paragraph 146 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 146.

147.     SEVEN states that the allegations in Paragraph 147 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 147.

148.     SEVEN states that the allegations in Paragraph 148 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 148.

## COUNT XXV

### Declaration of Noninfringement of U.S. Patent No. 10,091,734

149.     Responding to the allegations in Paragraph 149 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 148 of this Answer.

150.     SEVEN admits that it has alleged that Apple has infringement and continues to infringe one or more claims of the '734 patent.

151.    SEVEN states that the allegations in Paragraph 151 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 151.

152.    SEVEN admits that it has alleged that Apple has infringement and continues to infringe one or more claims of the '734 patent, including by way of example claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 152 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '734 patent, and refers to the '734 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

153.    SEVEN states that the allegations in Paragraph 153 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 153.

154.    SEVEN states that the allegations in Paragraph 154 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 154.

## COUNT XXVI

### Declaration of Invalidity of U.S. Patent No. 10,091,734

155.    Responding to the allegations in Paragraph 155 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 154 of this Answer.

156.    SEVEN states that the allegations in Paragraph 156 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 156.

157.    SEVEN states that the allegations in Paragraph 157 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 157.

158.    SEVEN states that the allegations in Paragraph 158 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 158.

159.    SEVEN states that the allegations in Paragraph 159 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 159.

160.    SEVEN states that the allegations in Paragraph 160 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 160.

161.    SEVEN states that the allegations in Paragraph 161 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 161.

## COUNT XXVII

### Declaration of Noninfringement of U.S. Patent No. 10,110,534

162.    Responding to the allegations in Paragraph 162 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 161 of this Answer.

163.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '534 patent.

164.     SEVEN states that the allegations in Paragraph 164 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 164.

165.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '534 patent, including by way of example claim 1.  Apple otherwise denies the allegations and characterizations in Paragraph 165 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '534 patent, and refers to the '534 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

166.     SEVEN states that the allegations in Paragraph 166 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 166.

167.     SEVEN states that the allegations in Paragraph 167 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 167.

## COUNT XXVIII

### Declaration of Invalidity of U.S. Patent No. 10,110,534

168.     Responding to the allegations in Paragraph 168 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 167 of this Answer.

169.     SEVEN states that the allegations in Paragraph 169 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 169.

170.     SEVEN states that the allegations in Paragraph 170 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 170.

171.     SEVEN states that the allegations in Paragraph 171 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 171.

## COUNT XXIX

### Declaration of Noninfringement of U.S. Patent No. 10,135,771

172.     Responding to the allegations in Paragraph 172 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 171 of this Answer.

173.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one or more claims of the '771 patent.

174.     SEVEN states that the allegations in Paragraph 174 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 174.

175.     SEVEN admits that it has alleged that Apple has infringed and continues to infringe one ore more claims of the '771 patent, including by way of example claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 175 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '771 patent, and refers to the '771 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

176.     SEVEN states that the allegations in Paragraph 176 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 176.

177.     SEVEN states that the allegations in Paragraph 177 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 177.

## COUNT XXX

### Declaration of Invalidity of U.S. Patent No. 10,135,771

178.     Responding to the allegations in Paragraph 178 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 177 of this Answer.

179.     SEVEN states that the allegations in Paragraph 179 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 179.

180.     SEVEN states that the allegations in Paragraph 180 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 180.

181.     SEVEN states that the allegations in Paragraph 181 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 181.

182.     SEVEN states that the allegations in Paragraph 182 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 182.

## COUNT XXXI

### Declaration of Noninfringement of U.S. Patent No. 10,243,962

183.    Responding to the allegations in Paragraph 183 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 182 of this Answer.

184.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe the '962 patent.

185.    SEVEN states that the allegations in Paragraph 185 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 185.

186.    SEVEN admits that it has alleged that Apple has infringed and continues to infringe the '962 patent, including by way of example claim 1.  SEVEN otherwise denies the allegations and characterizations in Paragraph 186 of Apple's Counterclaims, states that Apple has been and is still infringing, contributing to infringement, and/or inducing others to infringe the '962 patent, and refers to the '962 patent for its contents and to SEVEN's infringement contentions which provide more information on Apple's acts of infringement and infringed claims.

187.    SEVEN states that the allegations in Paragraph 187 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 187.

188.    SEVEN states that the allegations in Paragraph 188 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 188.

## COUNT XXXII

### Declaration of Invalidity of U.S. Patent No. 10,243,962

189.     Responding to the allegations in Paragraph 189 of Apple's Counterclaims, SEVEN incorporates by reference paragraphs 1 through 188 of this Answer.

190.     SEVEN states that the allegations in Paragraph 190 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 190.

191.     SEVEN states that the allegations in Paragraph 191 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 191.

192.     SEVEN states that the allegations in Paragraph 192 of Apple's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, SEVEN denies the allegations in Paragraph 192.

### REQUEST FOR RELIEF

SEVEN denies that Apple is entitled to any relief sought in its Request for Relief or otherwise.

Dated: July 9, 2019.

**MCKOOL SMITH, P.C.**

/s/  *Sam Baxter*

Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
shasenour@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8704

Kevin Schubert
kschubert@mckoolsmith.com
**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400

Eric Hansen
Texas State Bar No. 19196650
ehansen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000

ATTORNEYS FOR PLAINTIFF SEVEN
NETWORKS, LLC

## CERTIFICATE OF SERVICE

I certify that on July 9, 2019, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

*/s/  Kevin Schubert*
Kevin Schubert