# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:19-CV-115-JRG |
| v. | § § | |
| APPLE, INC. | § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**SEVEN NETWORKS LLC'S RESPONSE IN OPPOSITION TO APPLE INC.'S OPPOSED MOTION TO SUPPLEMENT INVALIDITY CONTENTIONS TO CONFORM TO CLAIM CONSTRUCTION DISCLOSURES (Dkt. 81)**

**I.      INTRODUCTION**

Nearly three months after Apple's invalidity contentions were due on August 26, 2019, Apple surprised SEVEN on November 14, 2019, two days after the P.R. 4-1 disclosures were due, with thirteen new indefiniteness theories.  Apple's motion to supplement its invalidity contentions (Dkt. 81) does not attempt any justification for its noncompliance with the invalidity contentions deadline because it has none.  In an attempt to show "good cause," Apple relies on a contorted reading of the Court's order in *SEVEN Networks, LLC v. Google LLC* that, in fact, confirms it cannot show "good cause."  As the Court stated in that order, "Defendants seem to be laboring under the misapprehension that it is only during and within the P.R. 4 disclosures that they need properly disclose their indefiniteness positions. . . Patent Rule 3-3(d) expressly requires identification of '[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2).'"  2018 U.S. Dist. LEXIS 220223, at *14 (E.D. Tex. July 11, 2018).  In the order, this Court struck an indefiniteness term a defendant first identified in a P.R. 4-1 disclosure, just as Apple does here, because there was insufficient justification for its tardiness.  *Id.*

There is no justification for Apple's tardiness, and SEVEN is prejudiced by Apple's evolving, ill-defined invalidity theories.  This is Apple's second motion to supplement its invalidity contentions with untimely theories in the last month.  While SEVEN did not oppose Apple's first motion, which the Court granted (Dkt. 75), SEVEN should not be forced to litigate against Apple's ever changing invalidity theories.  Moreover, Apple still has not provided supplemental invalidity contentions explaining its thirteen new indefiniteness theories, and the parties are well into the claim construction process and have submitted expert declarations.  Because Apple cannot come close to showing "good cause" for its failure to comply with the invalidity contention deadline, the Court should deny Apple's motion.

## II. FACTUAL BACKGROUND

### A. Apple Has Yet to Disclose its Indefiniteness Contentions for the Processor Terms Four Months After the Deadline

Apple's Invalidity Contentions were due on August 26, 2019. Dkt. No. 39 at 5. In accordance with P.R. 3-3(d), Apple's invalidity contentions identified the terms Apple alleged were invalid based on indefiniteness. *See, e.g.*, Dkt. No. 81-1 at 20, 43-46. In particular, Apple identified one term it alleged was governed by § 112(6) and indefinite for failing to disclose a corresponding structure. *Id*. at 228-229. As Apple admits, however, Apple did not identify the thirteen indefiniteness terms at issue here in its invalidity contentions. Dkt. No. 81 at 1.

On November 12, 2019, the parties exchanged their P.R. 4-1 disclosures of proposed terms and claim elements for construction. Dkt. No. 81-2. Apple's P.R. 4-1 disclosure identified thirteen terms that included the term "processor" (collectively, the "Processor Terms"), and for each stated "Apple contends that this claim term should be governed by 35 U.S.C. § 112(6)." Apple's P.R. 4-1 disclosure did not allege indefiniteness for these "processor" terms or any other terms in its P.R. 4-1 disclosure.

Because Apple's P.R. 4-1 disclosure failed to identify whether Apple was alleging indefiniteness for any of the identified terms, SEVEN promptly requested that Apple identify whether it was contending that any of the identified terms were indefinite. On November 14, 2019, Apple provided its First Supplemental P.R. 4-1 disclosure identifying each proposed term for construction that Apple alleges is indefinite. Dkt. No. 81-3. Apple's November 14, 2019 disclosure identified the Processor Terms as indefinite—the first time Apple disclosed its position that the Processor Terms were indefinite—but provided no explanation for its position.

On November 26, 2019, SEVEN objected to Apple's indefiniteness arguments for the Processor Terms in SEVEN's P.R. 4-2 disclosure. Dkt No. 81-5 at 3-4. The parties met and

conferred regarding SEVEN's objections on December 5, 2019, and Apple stated that it intended to file a motion to amend its invalidity contentions with respect to the Processor Terms. However, Apple has yet to provide SEVEN with any amended invalidity contentions that explain Apple's indefiniteness arguments for the Processor Terms. No amended invalidity contentions were included with Apple's Motion.[1]

**B.    Apple Previously Supplemented its Invalidity Contentions to Add §112 Defenses But Failed to Identify the Processor Terms**

On October 3, 2019, prior to Apple's identification of the Processor Terms at issue here, Apple notified SEVEN that it intended to move the Court for leave to amend its invalidity contentions to add six additional §112 defenses which were omitted from Apple's contentions. Ex. 1. Although Apple failed to identify any basis for adding these new §112 defenses after the original P.R. 3-3 deadline, SEVEN agreed not to oppose Apple's motion to supplement.[2] Ex. 2. At the same time, SEVEN expressly noted in its November 8, 2019 correspondence that "SEVEN does not intend to allow any further supplement to Apple's invalidity contentions." *Id*. Thereafter, Apple filed its unopposed motion to supplement its invalidity contentions on November 21, 2019. Dkt. No. 73.

Apple's unopposed motion, however, did not raise the Processor Terms at issue here. Instead, as explained above, Apple first notified SEVEN that it intended to file a motion for leave to supplement its invalidity contentions for the Processor Terms on the parties' December 5, 2019 meet and confer after SEVEN notified Apple that it intended to file a motion to strike the Processor Terms if Apple did not agree to withdraw them. Dkt. No. 81 at 3-4.

---

[1] On December 20, 2019, Apple served its expert declarations in support of its claim constructions that addressed the indefiniteness arguments for the Processor Terms. This was the first disclosure of Apple's arguments. Apple has yet to provide any amended invalidity contentions.
[2] At the same time, Apple agreed not to oppose SEVEN's motion to supplement its infringement contentions to include confidential information learned in discovery through Apple's source code and confidential Apple technical documents. Dkt. No. 68.

3

### III. ARGUMENT

Local Patent Rule 3-3(d) required Apple to identify its indefiniteness contentions in its invalidity contentions in August. Apple recognized this requirement and included indefiniteness contentions for a number of terms, including for one term it alleged was governed by 112(6) and indefinite. Dkt. No. 81-1 at 228-229. Moreover, Apple previously moved for leave to amend its invalidity contentions to add additional §112 defenses, and SEVEN agreed not to oppose based on the understanding that Apple would not further supplement its contentions. Yet, despite the parties' prior agreement, Apple now seeks to further amend its contentions to add new indefiniteness arguments for the Processor Terms. The time for Apple to identify its indefiniteness contentions has long passed, and the Court should reject Apple's attempt to "practice litigation by ambush."[3]

Local Patent Rule 3-6(b) allows a party to supplement its invalidity contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). To determine whether a party has shown good cause, "the Eastern District of Texas considers (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). Each of these factors weighs against Apple's Motion, and Apple cannot meet its burden to show good cause to supplement its contentions. The Court should deny Apple's Motion.

---

[3] *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-CV-196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009) (the purpose of the Local Patent Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush").

4

### A. Apple Should Have Identified the Processor Terms as Indefinite in its August Invalidity Contentions

Apple fails to explain why, with reasonable diligence, it could not have asserted indefiniteness for the Processor Terms in its August invalidity contentions.[4] These indefiniteness arguments were available to Apple before it served its invalidity contentions. Indefiniteness is an issue Apple should have alleged based on the intrinsic evidence, and does not require discovery or prior art searching. Accordingly, there is no basis for Apple to have only identified some of its indefiniteness arguments with its August 26, 2019 invalidity contentions.

Apple had sufficient time to assert the indefiniteness defenses within the initial deadline and failed to do so. In fact, SEVEN provided Apple a two-week extension for its invalidity contentions at the beginning of the case, giving Apple over four months from the filing of this case to put its invalidity contentions together. Further, SEVEN did not oppose Apple's initial motion to supplement its invalidity contentions to add six additional §112 defenses. Yet Apple failed to disclose its position that the Processor Terms were indefinite until after the claim construction process began.

Apple's only excuse for its failure to identify the Processor Terms as indefinite in its invalidity contentions is that the defendants alleging got away without disclosing contentions that terms were governed by 112(6) in the *SEVEN v. Google* matter. *SEVEN Networks*, 2018 U.S. Dist. LEXIS 220233, at *23. But the Court's decision in the *SEVEN v. Google* matter was based on a different question than the issue here. Specifically, the Court's prior Order addressed whether P.R. 3-3(c) requires a party to clearly identify whether a claim element should be

---

[4] *See Innovative Display Technologies LLC v. Acer Inc.*, No. 2:13cv522-JRG, 2014 WL 2796555, at *1 (E.D.Tex. June 19, 2014) (denying motion for leave to amend invalidity contentions because the defendants "failed to explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions"); *O2 Micro, Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.").

governed by 35 U.S.C. §112(6) in its invalidity contentions. *Id*. The section of the Court's Order that Apple relies on did not address the issue here as to whether Apple should be allowed to raise new indefiniteness arguments at the claim construction phase that were not timely disclosed in the invalidity contentions.[5] That question was more squarely addressed in an earlier section of the Court's Order that struck the defendants' indefiniteness defense for the term "dynamically adjust[ed]" because defendants failed to raise it in their invalidity contentions. *Id*. at 13-15. In fact, the Court expressly emphasized the fact that the P.R. 4-1 deadline is not a second chance for a defendant to add late indefiniteness theories. *Id*. As such, the Court's prior Order does not justify Apple's failure to disclose its indefiniteness arguments in this case. While the issue here is whether or not Apple disclosed the thirteen new indefiniteness theories in its invalidity contentions, which there is no dispute it did not, it is noted that Apple also did not identify any of the thirteen "processor" terms as governed by 112(6) either and treated these terms no differently than any other term in its invalidity contentions.

To the extent Apple argues that a different standard should apply to terms allegedly governed by 112(6) and that the Court should not require a defendant to identify 112(6) indefiniteness arguments in its invalidity contentions, such a position is directly contrary to the purpose of the Patent Rules.[6] The Court should reject Apple's meritless position that there is somehow a "double standard" for 112(6) indefiniteness terms, which would encourage litigants to withhold their 112(6) indefiniteness arguments from their invalidity contentions and wait to disclose them until claim construction.

---

[5] *Id*. at *3 n.3 (stating that the Docket Control Order requirement to include indefiniteness arguments in the *Markman* briefing "applies to indefiniteness arguments that have been timely raised") (quoting *Danco Inc. v. Fluidmaster, Inc.*, No. 5:16-cv-00073, Dkt. No. 106 (E.D. Tex. Sept. 13, 2017) at 12 n.1).

[6] *Id*. at *1 ("The purpose of the Local Patent Rules is to "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction."); *Cummins-Allison*, 2009 WL 763926, at *1 (the purpose of the Local Patent Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush").

B.  **Apple Fails to Show the Importance of Claim Construction for the Processor Terms**

Apple's conclusory arguments fail to demonstrate how the proposed amendment is important.[7] The Processor Terms do not require any construction. Because none of the Processor Terms uses the word "means" there is "a rebuttable presumption . . . that § 112, para. 6 does not apply." *Williamson v. Citrix Online LLC,* 792 F.3d 1339, 1348 (Fed. Cir. 2015). Courts in this district have repeatedly rejected arguments that similar "processor" terms are governed by §112(6).[8] Thus, Apple's claim construction argument for these terms is meritless and futile. The lack of any need to construe these terms further weighs against Apple's Motion.

Apple's argument that construction of the Processor Terms is needed to streamline the number of asserted claims is also meritless. The Court already entered an Order Focusing Patent Claims and Prior Art that requires SEVEN to reduce the number of asserted claims to not more than a total of 75 claims by January 21, 2020—before the deadline for SEVEN's opening *Markman* brief. Dkt. No. 40 at 1. After the Court's *Markman* Order, SEVEN is required to further reduce the number of asserted claims to no more than 36 claims from no more than 10 asserted patents. *Id*. at 2. Thus, construction of the Processor Terms would not impact the total number of asserted claims, but would at most change the mix of claims and patents SEVEN would select.

---

[7] *See Danco*, No. 5:16-cv-00073, Dkt. No. 106 at 11 ("Even though the issue before the Court involves indefiniteness arguments, the Court still finds Defendant has failed to persuade the Court of the importance of the amendment.").

[8] *See, e.g., Cellular Communications Equipment LLC v. HTC Corp.*, No. 6:16-cv-475, 2018 WL 316472, at *9-10 (E.D. Tex. Jan. 8, 2018) (finding that extrinsic evidence showed that the disputed "processor" term was not a nonce term and rejecting the argument that the term was governed by §112(6)); *SyncPoint Imaging, LLC v. Nintendo of Am. Inc.*, No. 2:15-cv-247, 2016 U.S. Dist. LEXIS 677, at *62 (E.D. Tex. Jan. 5, 2016) (holding that the term "processor…for processing…" terms were not governed by §112(6) and did not need construction).

### C. Granting Apple's Motion Would Prejudice SEVEN

Contrary to Apple's conclusory assertion of no prejudice, SEVEN would suffer prejudice if the Court granted Apple's Motion. SEVEN would suffer the same prejudice this Court has previously identified with respect to amended invalidity contentions.[9] Furthermore, Apple did not provide its indefiniteness arguments until it served its claim construction expert declarations on December 20, 2019. Thus, SEVEN is prejudiced by Apple's failure to timely provide a full disclosure of the indefiniteness arguments and being forced to respond to Apple's conclusory arguments without having adequate time to investigate Apple's contentions.

Moreover, the burden is on Apple to demonstrate good cause to amend, and SEVEN does not bear the burden to demonstrate prejudice.[10] As the Court previously held, "[a] lack of prejudice to SEVEN, supposing that there was truly no prejudice, is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone." *SEVEN Networks,* 2018 U.S. Dist. LEXIS 220223, at 19.

### D. SEVEN Will Still Be Prejudiced Even if the Schedule Were Modified

Apple fails to explain how the case schedule could be adjusted to allow for a sufficient continuance to cure the prejudice. Briefing for Apple's Motion will not be complete until January—just two months before the *Markman* hearing in March. Even assuming the Court ruled on Apple's motion in mid-January, SEVEN would need an extension to serve supplemental expert claim construction disclosures and SEVEN would need additional time to prepare its

---

[9] *Innovative Display*, 2014 WL 2796555, at *2 ("Allowing Defendants to amend the invalidity contentions so close to the Claim Construction Hearing, and after the parties have largely formulated their respective positions, would force Plaintiff to spend more time and resources in modifying its existing construction."); *Danco*, No. 5:16-cv-00073, Dkt. No. 106 at 12 ("the Court finds Plaintiff would be prejudiced by the amended invalidity contentions" by having to address new indefiniteness arguments).

[10] *SEVEN Networks*, 2018 U.S. Dist. LEXIS 220223, **14-15 ("The party objecting to non-compliance with the Rules does not bear a burden to demonstrate prejudice in the face of a non-compliant party's conclusory assertion of no prejudice.").

opening *Markman* brief that is currently due on February 3. In sum, granting Apple's motion so close to the *Markman* hearing would significantly disrupt the current case schedule and further prejudice SEVEN.

## IV.   CONCLUSION

Accordingly, Apple has not even attempted an explanation for its failure to comply with the Local Rules, let alone come close to showing "good cause." SEVEN respectfully requests that the Court deny Apple's Motion.

Date:  December 23, 2019

Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
shasenour@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8704

Kevin Schubert
kschubert@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400

Eric Hansen
Texas State Bar No. 19196650
ehansen@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000

**ATTORNEYS FOR PLAINTIFF, SEVEN NETWORKS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5.1, and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system on December 23, 2019.

                                              /s/ *Jennifer Truelove*
                                              Jennifer Truelove