IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC**<br><br>  Plaintiff,<br><br>  v.<br><br>**APPLE INC.**<br><br>  Defendant. | Civil Action No.  2:19-cv-115-JRG<br><br>JURY TRIAL DEMANDED |

## JOINT MOTION FOR CLARIFICATION REGARDING THE COURT'S FOCUSING ORDER

Plaintiff SEVEN Networks, LLC ("SEVEN") and Defendant Apple Inc. ("Apple") respectfully submit this motion requesting clarification regarding the Court's July 31, 2019 Order Focusing Patent Claims and Prior Art. Dkt. 40 ("Focusing Order"). As required by that Order, Apple submitted a Notice Regarding Prior Art Reduction on February 4, 2020. Dkt. 98 ("Apple's Notice"). The parties dispute whether Apple's Notice complies with the Court's Focusing Order and seek the Court's clarification on three issues: i) whether Apple's prior art disclosure exceeds the Court's limit, ii) whether Apple must specify whether it is asserting anticipation or obviousness challenges, iii) and whether Apple should withdraw certain challenges for alleged lack of disclosure in its invalidity contentions.

**I.  WHETHER APPLE'S PRIOR ART DISCLOSURE EXCEEDS THE COURT'S LIMIT**

  **A.  SEVEN's Position**

The relevant language from the Focusing Order is below:

1

> By the date specified in the Docket Control Order, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than eighteen (18) prior art references against[1] each patent and not more than a total of ninety (90) references.[2]
>
> [1] For clarity, each anticipation challenge and each obviousness combination or assertion count as a separate prior art reference for purposes of the preliminary and final election.
>
> [2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

Dkt. 40 at 1. The Focusing Order required Apple to limit its prior art references to "not more than a total of ninety (90) references." Dkt. No. 40 at 1. But Apple's election lists what Apple referred to in correspondence as "108 enumerated items," not 90 references. *See* Dkt. No. 98. Apple must reduce its list in order to comply with the Court's order.

Apple's counsel has suggested that because some of the references are reused for multiple patents, they should only be counted once. But this view is directly contradicted by the Focusing Order, which states that "each anticipation *challenge*"—not each *reference*—and "each obviousness combination *or assertion*" counts "as a separate prior art reference." Dkt. No. 40 at 1, n.1 (emphasis added). When a single reference is said to anticipate multiple patents, those are "multiple" anticipation challenges involving a separate analysis (including different claim scope and different priority analysis). Similarly, where an obviousness combination is listed as prior art for multiple patents, each listing is a separate assertion involving a separate analysis. Accordingly, a reference or combination must be counted each time it is listed in Apple's election of prior art. Under that count, Apple has listed at least 108 prior art references. Therefore, Apple must further streamline its election of prior art to comply with the Court's Focusing Order and eliminate 18 challenges from its Notice.

### B. Apple's Position

The Court's Focusing Order states that Apple "shall assert no more than eighteen (18) prior art references against each patent and not more than a total of ninety (90) references." (internal footnotes omitted). Apple's Notice complies with the Court's Focusing Order because it is limited to a total of ninety references, and does not assert more than eighteen references against any one patent. Apple's Notice contains 108 enumerated items, but eighteen of them are identical to others. Accordingly, Apple asserts only ninety distinct prior art references. That Apple asserts the same prior art reference against multiple SEVEN patents does not make it an additional "reference," as SEVEN argues. For example, the Nokia E72 is a single prior art "reference" as defined by the Focusing Order, despite the fact that it is asserted against the '056, '029, and '734 patents. The only way SEVEN can contend Apple asserts more than ninety references is by double- and even triple-counting identical references.

SEVEN's interpretation would not fulfill the purpose of the Focusing Order, which was designed to reduce the overall amount of prior art SEVEN anticipated Apple would assert in response to SEVEN's sprawling, sixteen-patent case. Whether Apple asserts an identical reference against one, two, or three of SEVEN's asserted patents has zero impact on the overall amount of prior art remaining in the case. Adopting SEVEN's interpretation will have no impact on the overall number of prior art references that SEVEN's experts must evaluate or that the jury must consider at trial. To the contrary, by encouraging Apple to use the same reference across multiple patents, Apple's interpretation fulfills the Order's goal of reducing the number of prior art references the experts must analyze and the amount of evidence the jury must hear.

## II. WHETHER APPLE MUST SPECIFY WHETHER IT IS ASSERTING ANTICIPATION OR OBVIOUSNESS CHALLENGES

### A. SEVEN's Position

Many of Apple's listed references simply list the name of a reference (such as "e570", "Hasegawa," "Collart," or "iTunes 4.0") without explaining whether it is an anticipation reference, a single-reference obviousness assertion, or both. *See, e.g.,* Dkt. 98 at 2. Yet the Focusing Order provides that "**each anticipation challenge** and each obviousness combination **or assertion** count as a separate prior art reference." Dkt. No. 40 at 1, n.1. Apple needs to make clear whether these references are for anticipation, obviousness, or both—and if both, these references would count as two references toward Apple's total.

Other cases have made clear that where one reference is used both for anticipation and obviousness, it counts as two references. *See Data Engine Techs. LLC v. IBM*, No. 6:13-cv-00858-RWS-JDL, ECF No. 131, Hr'g Tr. at 15:14-20 (E.D. Tex. Dec. 18, 2015) ("[M]y ruling on that is that they are two references."); *Sandbox Logistics LLC v. Proppant Express Invs. LLC*, No. 4:17-CV-589, 2018 U.S. Dist. LEXIS 156670, at *7 (S.D. Tex. Sep. 12, 2018) ("each anticipating or obviating reference will count as a separate invalidity argument, even if the same prior art reference is used to make both an anticipation argument and an obviousness argument").

Apple may attempt to argue that a single-reference obviousness theory and anticipation reference cover the same material and thus should count as a single reference. This argument has been squarely rejected, because a single-reference obviousness theory additionally relies on the knowledge of a person of skill in the art:

> THE COURT: I don't agree with that. The claim clearly has to consider the -- that totally changes things because then you are talking about some sort of knowledge and understanding, and it is a different thing. To me it is clearly a separate reference. The model order on this issue says each obviousness combination counts as a separate prior art reference.

4

*Data Engine* at 16:17-23; *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, ECF No. 284, Order at 3 (E.D. Tex. May 19, 2015). ("If each obviousness combination is treated as a separate prior art reference, the only logical conclusion is that each claim of anticipation based on a single prior art reference also counts against Defendants' total.")

Apple should not be allowed to get the benefit of two prior art theories for the price of one by leaving its election ambiguous. Apple should specify whether these single references are used for anticipation, single-reference obviousness, or both—and if both, each should count as two challenges towards Apple's total.

Apple's reference to a recent Order in the *CXT v. Academy* case is inapposite. There, Judge Payne did not strike three obviousness challenges for three references disclosed in defendant's notice in both an anticipation and obviousness context. But the claim language in the Court's focusing order there was different. In contrast, SEVEN specifically negotiated for the language included in the Court's Focusing Order in exchange for dropping a significant portion of its case. This language, not present in *CXT*, expressly requires that "**each anticipation challenge** and each obviousness combination **or assertion** count as a separate prior art reference." Therefore, *CXT* does not excuse Apple's non-compliance.

B.   **Apple's Position**

Consistent with the Court's Focusing Order, Apple's Notice includes a number of single references, e.g., "Nokia E72." Apple has thus provided SEVEN notice that these references anticipate the claims or render them obvious based on the knowledge of one of ordinary skill in the art. Apple's Notice thus satisfies both the letter and spirit of the Focusing Order. As to the letter of the Focusing Order, nothing in the Order's text requires Apple to specify at the preliminary reduction stage whether it will rely on a particular reference for anticipation or

5

single-reference obviousness. As to the Order's spirit, in requesting the Court adopt its version of the Focusing Order, SEVEN explained it was concerned that "Apple [would] improperly combine references to form an exponential number of obviousness combinations." Dkt. No. 30 at 7. That has not happened. These are not the "astronomical number[s] of combinations" SEVEN expressed concern about. See, e.g., Personal Audio, LLC v. Togi Entertainment, Inc., No. 2:13-CV-13-JRG-RSP, 2014 WL 12617797 at *1 (E.D. Tex. Aug. 6, 2014) (holding defendant's expert report, which disclosed the theories that each individual prior art reference asserted for anticipation also rendered the claims obvious, did not disclose "potentially hundreds of obviousness combinations" and was not in violation of the Court's order limiting prior art references).

Judge Payne recently confirmed the propriety of Apple's Notice in CXT Sys., Inc. v. Academy, Ltd., No. 2:18-cv-00171-RWS-RSP, Dkt. No. 408 at 2 (E.D. Tex. Jan. 22, 2020). There, the Court's Docket Control Order utilized similar language to the Court's Focusing Order, requiring the defendant to limit its prior art references and stating that "each obviousness combination counts as a separate prior art reference, on top of the individual references used in that combination to the extent an individual reference in the combination is also relied on as an invalidating reference standing alone." Id. Just as Apple has in its Notice, the defendant in CXT listed a number of individual references, but it did not indicate at that stage whether it was asserting anticipation or single-reference obviousness. Id. Rejecting an argument akin to SEVEN's here, the Court denied the plaintiff's request to strike any invalidity theory, holding the defendant adequately provided plaintiff with appropriate notice that it "would potentially use these references for either anticipation or obviousness challenges." Id. at 2-3. For the same reason, Apple requests that the Court reject SEVEN's position here.

6

### III.  WHETHER APPLE SHOULD WITHDRAW CERTAIN CHALLENGES FOR ALLEGED LACK OF DISCLOSURE IN ITS INVALIDITY CONTENTIONS

#### A.  SEVEN's Position

Apple identifies at least six obviousness combinations not asserted in its invalidity contentions. Apple should withdraw these combinations. These include #4-5 and 7 of the '550 patent, #3 of the '176 patent, and #4-5 of the '734 patent. *Compare* Dkt. No. 98 at 2, 4-5 *with* Ex. A (Apple First Supp. Invalidity Conts), at 30, 195, 240.[1] For some of these, like #5 of the '550 patent (Loughran and Loughran 2), there is no disclosure of this combination at all. *Compare* Dkt. No. 98 at 2 *with* Ex. A at 30.  For others, like #4 of the '734 patent (Douglis, Araujo, and Calamera), Apple never disclosed the identified combination with the first listed reference as the primary reference. *Compare* Dkt. 98 at 5 *with* Ex. A at 240.  In correspondence, Apple pointed to a cryptic statement in its invalidity contentions identifying "Araujo in view of Oestvall, Nokia E72 System, Sundarrajan, Bear, Huang, Douglis, Calamera, Vals, Luna 941, Ho, and/or Black 206." Ex. A at 240.  But this statement never identified Douglis as a primary reference, or provided clear disclosure under the local rules of the specific combination Apple is asserting. Indeed, the dozen references Apple points to can be arranged in nearly 500 million ways.

Apple cannot be allowed to raise new theories at this stage. This is particularly true in light of the fact that SEVEN already allowed Apple to amend its invalidity contentions once without objection in November 2019 to add a multitude of new references, obviousness combinations, and written description arguments. *See* Dkt. 75 (Order Granting Unopposed Motion to Supplement Invalidity Contentions). Apple is not entitled to yet another free pass.

---

[1] Specifically, these are '550 patent, #4 (Jornada and Loughran), 5 (Loughran and Loughran 2), and 7 (Pocket PC and Loughran); '176 patent, #3 (Innes and Yared); and '734 patent, #4 (Douglis, Araujo, and Calamera) and 5 (Douglis, Oestvall, and Calamera).

The purpose of the patent rules requiring infringement and invalidity contentions is to "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). Allowing Apple to change its invalidity theories at this juncture, after claim construction positions are set and SEVEN has filed its claim construction brief, would prejudice SEVEN. The Court should require Apple to stick to the theories it disclosed in its invalidity contentions.[2]

Similarly, Apple cannot add combinations with primary references that were disclosed in its invalidity contentions only as secondary references. Numerous courts have stricken invalidity theories where defendants attempt "trial by ambush" by selecting secondary references from their invalidity contentions and suddenly making them primary references. *See, e.g.*, *Epistar Corp. v. Lowe's Cos.*, No. 2-17-cv-03219, ECF No. 259, Order at 22 n.10 (C.D. Cal. Feb. 11, 2020) (striking invalidity theory with reordered references, noting that "[t]he position that the order of references does not matter fails in light of the early invalidity theory disclosures contemplated by the Standing Rules and Scheduling Order").[3] Here too, Apple should not be allowed to designate new primary references not in its invalidity contentions. Finally, contrary

---

[2] *See, e.g., Evicam Int'l, Inc. v. Enforcement Video, LLC*, No. 4:16-cv-105, ECF No. 161, Order at 3 (E.D. Tex. June 14, 2017) (rejecting attempt to add new prior art theories in an election of prior art references); *Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*, No. 6:18-CV-30-JDK, 2019 WL 6700855, at *1 (E.D. Tex. July 1, 2019) (noting an election of prior art "is not an opportunity to revise contentions"); *AdvanceMe, Inc. v. AmeriMerchant LLC*, No. 6:06-CV-82, 2007 WL 9723977, at *4 (E.D. Tex. July 5, 2007) (denying leave to amend invalidity contentions).

[3] *See also Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2012 WL 12539340, at *2-*3 (D. Idaho May 23, 2012) (striking invalidity combination where primary reference had only been disclosed in invalidity contentions as secondary reference); *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 4945316, at *5 (N.D. Cal. Oct. 11, 2018) (striking obviousness theories where secondary reference was turned into primary reference).

to Apple's assertion below, SEVEN does contest that Apple's invalidity contention charts do not identify where each limitation is found in the alleged prior art, do not identify which element(s) is missing from its primary references in obviousness assertions, and do not explain why there is an alleged motivation to combine with other references; SEVEN also contests Apple's assertion that providing a proper obviousness combination (rather than identifying 500 million combinations for SEVEN to sort out) is "arbitrary labeling."

### B. Apple's Position

Apple properly disclosed in its Invalidity Contentions all of the prior art combinations in Apple's Notice.[4] SEVEN incorrectly levels two arguments to the contrary. First, for certain combinations, SEVEN complains about the sequence in which Apple lists the references. According to SEVEN, because Apple listed prior art references in one sequence in its contentions, e.g., Reference A + Reference B (causing SEVEN to dub the first-listed reference as "primary"), Apple must forever retain that sequence of references and cannot assert Reference B + Reference A. SEVEN's complaint rests on a distinction without a difference and is thus meritless. "[W]here the relevant factual inquiries underlying an obviousness determination are otherwise clear, characterization…of prior art as 'primary' or 'secondary' is merely a matter of presentation with no legal significance." *In re Mouttet*, 686 F.3d 1322, 1333 (Fed. Cir. 2012). The underlying factual inquiries of these obviousness determinations are the same regardless of whether a reference was listed as the "primary" reference. The ultimate inquiry is the same: whether "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious to one of ordinary skill in the relevant

---

[4] Because Apple properly disclosed in its Invalidity Contentions all of the prior art combinations in Apple's Notice, SEVEN's incorrect characterizations about Apple's prior amendments to its Invalidity Contentions are irrelevant.

art." *Intercont'l Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1343 (Fed. Cir. 2017).

Any reliance by SEVEN on *Epistar Corp. v. Lowes Companies, Inc., et al.* is misplaced. In *Epistar*, the defendant moved for summary judgment of invalidity based on prior art reference A in view of prior art reference B. Civ. No. 2:17-cv-3219, Dkt. No. 259 at 22, n. 10 (C.D. Cal. Feb. 11, 2020). Defendant's invalidity contentions and expert reports only disclosed a theory of invalidity based on prior art reference B in view of prior art reference A. *Id*. To rebut this supposedly newly disclosed theory, Plaintiff submitted a supplemental expert opinion along with its opposition to defendant's motion for summary judgment. *Id*. Defendant objected to the supplemental expert opinions, and the Court overruled those objections finding that Defendant was required to identify "where Defendant believes each limitation is found in the prior art, as well as Defendant's contentions as to why a person of skill in the art would be motivated to combine the two references to arrive at the claimed invention." *Id*. Because Defendant's expert reports failed to "identify the relative disclosure of the two references," the Court held it would consider plaintiff's supplemental expert opinions. *Id*. Notably, the Court did not exclude Defendant's summary judgment theory on this basis. *See id.* Furthermore, Apple has provided an "identification of where [it] believes each limitation is found in the prior art" as well as "contentions as to why a person of skill in the art would be motivated to combine the two references to arrive at the claimed invention." *Id*. SEVEN does not contest that Apple's claim charts for each reference provide this information, nor that Apple offered its contentions on motivations to combine. SEVEN merely complains about the arbitrary labeling of a reference as "primary" or "secondary."

SEVEN's second complaint—that Apple asserts fewer than all prior art references included within the combinations listed in its Invalidity Contentions—fares no better. In some instances, Apple has reduced the number of asserted references in order to further narrow the asserted prior art, consistent with the purpose of the Focusing Order. For example, as to the '734 patent, Apple's contentions list "Araujo in view of Oestvall, Nokia E72 System, Sundarrajan, Bear, Huang, Douglis, Calamera, Vals, Luna 941, Ho, and/or Black 206." Of those several disclosed combinations, Apple has elected to proceed with two: "Douglis, Araujo, and Calamera" and "Douglis, Oestvall, and Calamera." Apple disclosed each possible reference in its invalidity contentions, and has now narrowed those references in line with the Court's Focusing Order. Apple provided SEVEN with adequate notice of which invalidity theories it intends to pursue in expert discovery, and SEVEN will have a full and fair opportunity to prepare its defenses to those theories. This is in line with the local patent rules, which "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004)).

IV. **CONCLUSION**

For the reasons noted above, the parties request that the Court clarify its Focusing Order on the three issues raised above.

Dated:  February 20, 2020

Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Kevin Burgess
kburgess@mckoolsmith.com
Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8704

Kevin Schubert
kschubert@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
Telephone: (212) 402-9400

Eric Hansen
ehansen@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000

**ATTORNEYS FOR PLAINTIFF SEVEN NETWORKS, LLC**

/s/ *Ruffin Cordell*
Ruffin Cordell (Lead Counsel)
cordell@fr.com
Texas Bar Number 04820550
Indranil Mukerji
mukerji@fr.com
Massachusetts Bar Number 644059
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
John P. Brinkmann
Texas Bar Number 24068091
brinkmann@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
California Bar No. 290588
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

Noah Graubart
Georgia Bar Number 141862
graubart@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-582-5005
Facsimile: 404-582-5002

Melissa Smith
Texas Bar No.24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

**ATTORNEYS FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 20, 2020.

/s/ *Kevin Schubert*
Kevin Schubert