IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:19-CV-115-JRG |
| v. | § § | |
| APPLE, INC. | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**PLAINTIFF SEVEN NETWORKS LLC'S RESPONSE TO APPLE, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 12, 13, AND 15**

Plaintiff SEVEN Networks, LLC ("SEVEN") respectfully requests that the Court deny defendant Apple, Inc.'s ("Apple") motion to compel responses to Apple's Interrogatories Nos. 12, 13, and 15.

**I. ARGUMENT**

Apple contends that it is entitled to understand the "factual bases" for SEVEN's contentions regarding damages in this matter. But Apple's motion to compel does not target any *factual* information—much less factual information that is actually known to SEVEN, as opposed to outside counsel and SEVEN's experts. Rather, what Apple is requesting SEVEN to do is provide a preview of the analyses and disclosures SEVEN's counsel and experts are preparing to turn over to Apple in accordance with the Court's Docket Control Order. No basis exists to accelerate the timeline for expert disclosures in the manner suggested by Apple and, indeed, Apple has cited no authorities that support the relief it is seeking.

*First*, a review of the interrogatories that are the subject of Apple's motion to compel reveals that all of them seek expert-related information—rather than fact discovery.

1

<u>Interrogatory 12</u>.  For each Asserted Claim of each Asserted Patent, describe in detail SEVEN's contentions, both qualitatively and quantitatively, as to the alleged value, advantages, and/or benefits to consumers from Apple's alleged practice of the claimed inventions of the Asserted Claims, including any alleged importance of those advantages or benefits to Apple and/or to consumers, explain in detail the basis for your contentions, and identify all Documents supporting such contentions.

<u>Interrogatory 13</u>.  Describe in complete detail all facts relating to any surveys that SEVEN or anyone acting on SEVEN's behalf has conducted or intends to conduct regarding the alleged value, advantages, and/or benefits to consumers from Apple's alleged practice of the claimed inventions of the Asserted Claims, including without limitation target population, sample size, survey participants, survey time period, survey location, and/or survey question and responses the identity of any company(ies) and/or individual(s) conducting such surveys, and Communications between SEVEN and the surveying company/individual.

<u>Interrogatory 15</u>.  Describe in complete detail the factual bases for SEVEN's contentions regarding any and all differences in SEVEN's alleged damages for each Asserted Claim of each Asserted Patent, including the extent to which SEVEN contends the alleged damages for each claim and/or patents are additive or overlapping as compared to one another, and explain in detail the basis for your contention.

On their face, none of these interrogatories request *factual* information—much less factual information SEVEN would have acquired in the ordinary course of business. Interrogatory 12 asks about benefits to *Apple consumers* resulting from *Apple's infringement* of the patents-in-suit.  To the extent such information exists, it is in Apple's possession, not SEVEN's.  And to the extent Apple produced this information to SEVEN, it is reflected in documents Apple marked CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the Protective Order, such that no SEVEN employee is entitled to see it.  Interrogatory 13 asks SEVEN to explain choices SEVEN's expert Dr. Greg Allenby made to design and execute the survey(s) that will be discussed at length in his forthcoming expert report—not any factual information in SEVEN's possession. And Interrogatory 15 asks for the disclosure of economic opinions that will be addressed in the forthcoming report of SEVEN's damages expert Jim Bergman—not any factual information in SEVEN's possession.

2

*Second*, Apple tellingly cites no authorities that support the notion that, during fact discovery, it is entitled to any of this information at issue, all of which presently constitutes work product. Apple cites a few cases that involve motions to compel infringement-related disclosures. But such disclosures that are mandated by the Court's Patent Rules, which contain no requirement that litigants preview economic analyses that are typically included in damages expert reports. The Court's Patent Rules also do not require that litigants give advance notice of design choices retained experts may make in designing surveys.

Equally unpersuasive is Apple's contention that the information it is seeking is akin to the information SEVEN has sought—and moved to compel—concerning non-infringing alternatives. *See* Dkt. 129 at 5-6. Unlike the information sought by Apple's motion to compel, information concerning non-infringing alternatives relates to (i) design choices accused infringers made have made while designing its products; and (ii) design choices accused infringers may have at their disposal to modify their products and cure their infringement. Thus, unlike the information at issue in Apple's motion, information concerning non-infringing alternatives is both (i) factual; and (ii) in the possession of the accused infringer.

Apple also notes that other courts have adopted rules that require damages disclosures. *See* Dkt. 129 at 7. But this Court's Patent Local Rules do not require such disclosures. Furthermore, Apple is a sophisticated litigant that has appeared before this Court on dozens of occasions. If Apple wished to receive previews of SEVEN's expert analyses pertaining to damages, it should have proposed the types of disclosures that other courts require.

*Third*, Apple's claims of prejudice ring hollow. The timeline for Apple to submit its responsive expert reports was negotiated by the parties and is very much in line with what is customary in patent cases that are litigated in this Court. If Apple needed more time, it should

have bargained for more.  Furthermore, Apple has more than enough information to prepare its own expert disclosures.  With respect to Interrogatory 12, it simply is not credible to suggest that Apple does not know the benefits Apple consumers are able to realize from infringing activities that have been exhaustively detailed in SEVEN's infringement contentions.  With respect to Interrogatory 13, Apple understands the accused features and functionalities and it is free to design its own surveys to measure whatever metrics Apple deems relevant to a damages analysis.  And with respect to Interrogatory 15, Apple has not identified any reason why its own expert is not able to determine how damages for each of the asserted patents ought to be measured and, in due course, respond to opinions SEVEN's expert will offer in his forthcoming report.

## II.     CONCLUSION

For the foregoing reasons, SEVEN respectfully requests that the Court deny Apple's motion to compel.


Date:  May 15, 2020                                              Respectfully submitted,

                                                                 **MCKOOL SMITH, P.C.**

                                                                 /s/ *Sam Baxter*
                                                                 Samuel F. Baxter
                                                                 Lead Attorney
                                                                 Texas State Bar No. 01938000
                                                                 sbaxter@mckoolsmith.com
                                                                 Jennifer Truelove
                                                                 Texas State Bar No. 24012906
                                                                 jtruelove@mckoolsmith.com
                                                                 MCKOOL SMITH, P.C.
                                                                 104 East Houston, Suite 300
                                                                 Marshall, Texas 75670
                                                                 Telephone:  (903) 923-9000
                                                                 Facsimile: (903) 923-9099

                                                                 Seth R. Hasenour
                                                                 Texas State Bar No. 24059910
                                                                 shasenour@mckoolsmith.com

MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8704

Kevin Schubert
kschubert@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400

Eric Hansen
Texas State Bar No. 19196650
ehansen@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

**ATTORNEYS FOR PLAINTIFF, SEVEN NETWORKS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5.1, and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system on May 15, 2020.

/s/ *Jennifer Truelove*
Jennifer Truelove