# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC** | |
| **Plaintiff,** | Civil Action No.  2:19-cv-115-JRG |
| v. | |
| **APPLE INC.,** | **JURY TRIAL** |
| **Defendant.** | |

## APPLE INC.'S MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS ON FORTRESS INVESTMENT GROUP LLC'S PRIVILEGE LOG

Each time Apple has asked non-party Fortress Investment Group, LLC's ("Fortress") to reexamine the problematic descriptions of documents listed in its privilege log, Fortress has responded by modifying its log, frequently adding additional names to certain of its entries. That trend continued until just mere hours before the close of fact discovery, when Fortress suddenly added new names and the word "client" to its "privilege description" column even though the purported lawyers are nowhere to be found on the To/From/CC lines of the logged documents. However, no amount of revisions to the privilege log can cure the fact that Fortress is attempting to withhold documents reflecting business, not legal communications, sent among non-lawyers. For example, Fortress has claimed privilege over: (1) communications made by *inactive* or *suspended* lawyers who have business roles of evaluating the SEVEN investment from a financial perspective; and (2) communications to Fortress from SEVEN's—not Fortress's—lawyers (Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP) prior to Fortress's acquisition of SEVEN, *i.e.,* communications from attorneys that were *adverse to Fortress* at the time.

Apple respectfully seeks an order directing Fortress to produce—at least for *in camera* review pursuant to the Court's Discovery Order (Dkt. No. 42 ¶ 6)—two categories of documents listed on its privilege log for which Fortress has failed to provide a valid basis for any privilege claim. Furthermore, since Fortress did not serve its amended log, much less produce the improperly-withheld communications, before Fortress's deposition, Apple requests the Court order Fortress to present a witness for testimony on any documents produced in response to the instant motion or Apple's already-pending motion to compel against Fortress. (*See* Dkt. No. 128.)

I.   **FACTUAL & PROCEDURAL BACKGROUND**

Fortress is an investment firm that acquired a controlling interest in Plaintiff SEVEN Networks, LLC ("SEVEN") in July 2015. Since then, Fortress has worked to monetize SEVEN's patent portfolio via litigation. Fortress possesses information highly relevant to this case, including

information bearing on the valuation of SEVEN and its patents near the time of the hypothetical negotiation and regarding the asserted patents' licensing history. On September 13, 2019, Apple served a Rule 45 subpoena seeking documents and deposition testimony from Fortress.

Fortress has been evasive and non-complaint with respect to the majority of the issues raised in Apple's subpoena, including repeatedly failing to provide a privilege log and advancing dubious privilege assertions, as detailed in Apple's pending motion to compel. (Dkt. No. 128 at 3.) After Apple filed that motion, Fortress served a second amended privilege log—adding fifty-five new entries regarding documents that have been redacted or withheld on the basis of privilege. Prior to the Fortress deposition, Apple raised its concerns regarding the severe deficiencies of the entries in that log. Fortress refused to correct any of the deficiencies before the deposition, instead waiting until the last day of fact discovery to then serve a third amended privilege log.[1]

Worse still, this eleventh-hour, third amended log contains dubious new privilege descriptions with names of lawyers and law firms that appear nowhere as authors or recipients of those communications. An example of the ever-evolving nature of Fortress's privilege assertions is reflected in the entry for PRIV_FIG-0028, which initially listed only Erez Levy (a non-lawyer), Yoni Shtein and Eran Zur (also non-lawyers) as recipients. The third amended privilege log, however, now mysteriously describes the document as containing a communication between Ami Patel Shah (who operates in a business capacity according to Fortress's 30(b)(6) witness) and an unspecified "client." These unexplained and continually shifting revelations underscore the appropriateness of *in camera* review of the seventy-one (71) documents on Fortress's privilege log, regardless of whatever new arguments Fortress may now concoct in response to this motion.

---

[1] In view of the Court's page limitations, Apple is separately moving for leave to submit additional pages of exhibits to include the entirety of the second and third amended privilege logs.

For ease of the Court's review, Apple has grouped the deficient entries into two exemplary categories.  **First,** Fortress is withholding numerous documents where neither the author nor recipient are practicing attorneys or active members of the bar.  In fact, Fortress's own corporate representative testified that all but one of the purported attorneys do not serve in any legal, as opposed to business, role at Fortress ("Category 1 Documents").[2]  As an example of a particularly deficient entry, Fortress appears to have withheld at least one document for which it does not even contend any author or recipient is an attorney and for which the log's description identifies no source of the allegedly privileged communications.[3]  **Second**, Fortress is withholding documents where the attorneys who are the purported source of the privileged communications did not represent Fortress; they represented SEVEN while Fortress negotiated its acquisition of SEVEN, i.e., the attorneys represented an adverse party at the time ("Category 2 Documents").[4]

## II.   ARGUMENT

The attorney-client privilege shields confidential communications between an attorney and client made for purposes of obtaining legal advice. *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2011 WL 1714304, at *4 (E.D. Tex. May 4, 2011).  "[B]ecause the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose" and should be "strictly construed." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997); *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 439 (E.D. Tex. Mar. 28, 2003). The party asserting the privilege must show:  "(1) that he made a confidential communication; (2) to an attorney or the attorney's subordinate; (3) for the primary purpose of obtaining a legal

---

[2]   The Category 1 Documents are listed on Fortress's Third Amended Privilege Log as PRIV_FIG-0012, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62.
[3]   This document is listed as PRIV_FIG-0061.
[4]   The Category 2 Documents are listed as PRIV_FIG-0012, 13, 14, 15, and 43.

opinion, legal services, or assistance in some legal proceeding." *Proctor & Gamble Co., v. S.C. Johnson & Son, Inc.*, 2009 WL 10677804, at *2 (E.D. Tex. May 27, 2009).

It is axiomatic that there is no attorney-client privilege without an attorney. The privilege protects only communications involving "a member of the bar of a bar of a court, or his subordinate." *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 11348359, at *2 (E.D. Tex. Oct. 14, 2008). "For a communication between non-attorney employees to be held privileged, it must be apparent that the communication from one employee to another was for the purpose of the second employee transmitting the information to counsel for advice. If not, the privilege is denied." *Nalco Co., Inc. v. Baker Hughes Inc.*, 2017 WL 3033997, *2 (S.D. Tex. July 18, 2017).

The attorney-client privilege does not protect non-legal communications. Even if they are with an attorney, communications are only protected if made for purposes of securing "(i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *U.S. v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978). "[C]ommunications which relate to business rather than legal matters do not fall within the protection of the privilege . . . ." *Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.*, 2011 WL 1466369, at *17 (D. N.J. Apr. 18, 2011).

### A.  The Category 1 Documents Involve Business Communications

Fortress's privilege log does not support its privilege claims as to Category 1. These documents appear to reflect business advice (in particular, valuation, investment, and financial advice) from non-lawyers regarding the acquisition of SEVEN and its intellectual property. Fortress contends the Category 1 Documents involve persons who once graduated law school: (1) Michael Kallus; (2) Andrew Kofman, (3) Ami Patel Shah, (4) Michele Moreland, and (5) Jonathan James. But, a law degree alone does not make an individual's communications per se privileged.

No evidence suggests any of Mr. Kallus, Ms. Moreland, Mr. Korfman, or Ms. Shah to have ever worked in a legal capacity at Fortress. To the contrary, Fortress's witness testified that Mr.

Kallus previously worked at Fortress as an asset manager who monitors investments on a day-to-day basis and that Ms. Moreland took over that same role from Mr. Kallus. (*See id.* at 49:19-53:24. Additionally, he testified Mr. Kofman is not a lawyer; he is an investment professional. (*See id.* at 169:18-170:6.) He further testified Ms. Shah works in the Intellectual Property Finance Group, which focuses on acquiring and investing in companies, and he does not know if she is an attorney. (*Id.* at 23:6-24:17, 48:1-5.) Indeed, Fortress's corporate representative testified that he was only aware of one attorney in the IP Finance Group—Mr. James, the group's General Counsel. He also testified that he was not aware of anyone at Fortress seeking legal advice from any of these individuals besides Mr. James. (Ex. A [Levy Rough Tr.] at 48:9-12, 50:15-16.)

At least three of the five purported attorneys—including Mr. James—are not active members of any bar, as far as Apple can ascertain. Mr. James once had a law license in Arizona, but his license is inactive. Mr. Kallus has not been eligible to practice law in California since July 1, 2014, a date prior to all of the privilege log entries on which he appears. Mr. Kofman joined the New York bar in 1997, but his license was suspended in 2009, before he joined Fortress. Even if any worked as in-house counsel, which only appears true of Mr. James, courts have repeatedly held that communications with in-house lawyers whose bar certifications are inactive are not privileged. *See John Ernst Lucken Revocable Trust v. Heritage Bankshares Group, Inc.*, 2017 WL 627223, at *2 (N.D. Ia. Feb. 15, 2017) (finding no privilege for in-house lawyers with inactive bar license ); *Anwar v. Fairfield Greenwich Ltd.*, 306 F.R.D. 117, 120 (S.D.N.Y. 2013) (noting "client's belief . . . do[es] not transform an otherwise unprivileged conversation into a privileged one"). As to Mr. James, his decision to let his law license lapse at least suggests his role encompasses non-legal functions. Fortress's privilege log does not allow Apple or the Court to determine which entries involving Mr. James reflect legal, rather than business, communications.

Fortress's only response is to point to *Gucci America Inc. v. Guess?, Inc.*, where one court held that attorney-client privilege can attach to communications with an unlicensed attorney where the client "reasonably believed that the person to whom the communications were made was in fact an attorney." 2011 WL 9375, *2 (S.D.N.Y. Jan. 3, 2011). Fortress has not explained why it believes this exception should apply here, and the evidence suggests no such belief existed here, at least as to communications with Mr. Kallus, Mr. Kofman, Ms. Shah, and Ms. Moreland.

Most egregiously, Fortress is withholding at least one document for which it identifies no purported lawyers as authors or recipients at all. (*See* Entry PRIV_FIG-0061.) Fortress lists as the author of the document, Pete Briger, Fortress's co-CEO. Fortress's website describes Mr. Briger as "responsible for the Credit and Real Estate business at Fortress" and lists his education as including an MBA, but no law degree. (https://www.fortress.com/about.) The listed recipients of the communication include five other Fortress employees (Yoni Shtein; Dean Dakolias; Eran Zur; Erez Levy; and Robyn Gewanter), all of whom likewise appear to have no legal background, training, or license. Fortress's corporate witness was not aware of any of them being an attorney (Ex. A [Levy Dep. (Rough)] at 47:14-25, 51:3-15, 53:25-56:13, 64:2-3), and Apple has been unable to locate any of them in the California bar directory (where Fortress's IP Finance Group is based). The privilege description that Fortress provided for this document also provides no insight into the purported basis for its privilege claim. Moreover, the described purpose relates to the "acquisition of intellectual property," which does not necessarily implicate legal advice.

To the extent Fortress is withholding documents related to pre-acquisition valuations of SEVEN's intellectual property, those materials are not privileged. *See William F. Shea, LLC v. Bonutti Research, Inc.*, 2013 WL 1499609, at *2 (S.D. Ohio Apr. 11, 2013) (compelling production of spreadsheets containing patent valuations and explaining "[t]he fact that [in-house

counsel] may have provided legal advice in the course of arriving at the valuation projections contained in the spreadsheet does not transform the spreadsheet itself into a privileged document"); *see also MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *4-5 (N.D. Cal. Oct. 10, 2013) (compelling production of reports evaluating patents prior to patent acquisition).

### B. The Category 2 Documents Are Communications by an Adverse Law Firm

Fortress's log also contains a number of improper entries where the only identified attorneys are Scott Dettmer or others at Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP. The descriptions of these documents reveals that they relate to Fortress's acquisition of SEVEN, and the communications are dated in the days leading up to the closing of that transaction in July 2015. However, Gunderson Dettmer was not Fortress's law firm—it was SEVEN's. That is, at the time of the purportedly privileged communications, Gunderson Dettmer represented an adverse party with whom Fortress was actively negotiating a transaction. No communications at that time between Fortress and Gunderson Dettmer, an adverse party's counsel, could possibly be privileged and must be produced. *Mondis Tech.*, No. 2:07-CV-565-TJW, 2011 WL 1714304, *4 (E.D. Tex. May 4, 2011) (rejecting common interest exception to privilege waiver because adverse parties "did not have a common legal interest when they were negotiating the value of the patents in the sale"); *Oak Indus. v. Zenith Indus.*, No. 86 C 4302, 1988 WL 79614 (N.D. Ill. July 27, 1998) ("[W]hatever the common interest shared by parties at the negotiating table, it is insufficient to warrant application of the 'community of interest' exception.").

### III. CONCLUSION

Apple thus requests the Court order Fortress to produce the above-described categories of improperly withheld. Alternatively, Apple requests the Court order Fortress to submit the documents to the Court for *in camera* review. In addition, Apple requests the Court order Fortress to provide a prepared witness to testify regarding all previously withheld documents.

Date: June 1, 2020  Respectfully submitted,

By: FISH & RICHARDSON P.C.

*/s/ Noah C. Graubart*
Ruffin Cordell (Lead Counsel)
cordell@fr.com
Texas Bar Number 04820550
Indranil Mukerji
mukerji@fr.com
Massachusetts Bar Number 644059
Sun Young Park
New York Bar Number 5412739
apark@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
John P. Brinkmann
Texas Bar Number 24068091
brinkmann@fr.com
Kathryn Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
Texas Bar Number 24056720
bchen@fr.com
Katherine D. Prescott
California Bar Number 215496
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

Noah C. Graubart
Georgia Bar Number 141862
graubart@fr.com
Lawrence R. Jarvis
Georgia Bar Number 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-582-5005
Facsimile: 404-582-5002

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

**COUNSEL FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5.1, and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system on June 1, 2020.

                                              */s/ Noah C. Graubart*
                                              Noah C. Graubart

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this is an opposed motion. The parties met and conferred on May 29, 2020. The meet and confer involved Sam Baxter, lead and local counsel SEVEN Networks and Fortress Investment Group, and Ruffin Cordell and Melissa Smith, lead and local counsel for Apple, respectively. Also in attendance were Jennifer Truelove and Kevin Schubert, for SEVEN Networks and Fortress Investment Group, and Ben Elacqua, Noah Graubart, and Kate Quisenberry, counsel for Apple. Fortress disagreed that its log was deficient, but it committed to respond that day as to whether it would provide an updated log in attempt to resolve the dispute. Fortress never responded. Instead, on the afternoon of June 1, Fortress served another amended privilege log, which did not resolve the concerns about which the parties met and conferred. Thus, Apple believes that discussions have ended in an impasse, leaving an open issue for the Court to resolve.

                                              */s/ Noah C. Graubart*
                                              Noah C. Graubart