**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**APPLE INC.**<br><br>        **Defendant.** | **Civil Action No. 2:19-cv-115-JRG**<br><br><br>**JURY TRIAL DEMANDED** |

**NON-PARTY FORTRESS INVESTMENT GROUP LLC'S OPPOSITION TO APPLE**
**INC.'S MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS ON**
**FORTRESS INVESTMENT GROUP LLC'S PRIVILEGE LOG**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 2

    A.     Apple's Motion is Moot because Fortress has agreed to produce the Category 1 Documents identified by Apple. ....................................................... 2

    B.     Apple's Motion is Moot because Fortress has agreed to produce the Category 2 Documents identified by Apple ........................................................ 4

III.     CONCLUSION ..................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
No. 07-CV-565, 2011 U.S. Dist. LEXIS 47807 (E.D. Tex. May 4, 2011)....................................3

*P&G v. S.C.*,
No. 08-CV-143, 2009 U.S. Dist. LEXIS 147001 (E.D. Tex. May 27, 2009)...............................3

ii

Non-Party Fortress Investment Group, LLC ("Fortress") respectfully submits this opposition to Defendant Apple Inc.'s ("Apple") Motion to Compel Production of Certain Documents on Fortress Investment Group LLC's Privilege Log, Dkt. 143 ("Apple's Motion").

## I.    INTRODUCTION

In four productions, non-party Fortress Investment Group LLC ("Fortress") produced thousands of documents responsive to Apple's subpoena. These productions included: (i) documents regarding Fortress's decision to acquire SEVEN Networks LLC ("SEVEN"), including deal documents, due diligence materials provided by SEVEN to Fortress, presentations and collateral materials from discussions with parties interested in acquiring SEVEN or obtaining rights to its patent portfolio, and post-closing documents exchanged between Fortress and SEVEN about additional funding requests; (ii) documents regarding Fortress's due diligence before acquiring SEVEN, including the investment memorandum setting forth the rationale for Fortress's investment in SEVEN; (iii) Fortress's quarterly reports and annual presentations to its investors, which included information regarding the internal valuations and analysis of the returns for Fortress's investors from Fortress's investment in SEVEN; (iv) emails from two Fortress custodians responsive to Apple's search terms, and (v) emails between Fortress and Google, Fortress and Samsung, and Fortress and ZTE, including highly confidential settlement discussions.

Apple takes issue with Fortress's privilege log of 70 entries, including 55 entries for documents with redactions, which Fortress added after its last large production.[1] Of this tiny subset of Fortress's documents, Apple specifically objects to the privilege designations of 45 documents it has split into two categories: (i) documents between Fortress and its in-house

---

[1] The privilege log modifications characterized by Apple as "dubious" were, in fact, prepared at Apple's behest in response to multiple letters and meet and confers. For Apple to now manufacture a complaint of the very modifications it said would address the perceived deficiencies and avoid motion practice is regrettable.

counsel; and (ii) five entries containing communications with attorneys of the law firm

Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP (collectively, the "Gunderson

documents"). Fortress categorically rejects Apple's unfounded position that Fortress's in-house

counsel do not provide legal advice. Nonetheless, in an effort to put this months-long dispute to

rest, Fortress has agreed to produce all the documents specifically enumerated in Apple's

motion. Apple's Motion at 3 n.2, 4. With respect to the second category, in a show of good faith,

Fortress has agreed to remove its redactions on the Gunderson documents identified by Apple

and produce them for Apple's review. Apple's Motion at 3 n.4.

In an attempt to unburden the Court from having to deal with a second motion to compel

for a third-party's documents, Fortress requested and held a meet and confer with Apple to

propose producing the documents identified in Apple's Motion to resolve the Motion.

Inexplicably, Apple rejected Fortress's proposal. Nevertheless, Fortress will be producing the

documents that are the subject to Apple's Motion.

Accordingly, Fortress respectfully submits that Apple's Motion to Compel is moot, and

should be denied.

## II.   ARGUMENT

### A.   Apple's Motion is Moot because Fortress has agreed to produce the "Category 1" Documents identified by Apple.

Apple's assumption that Fortress's counsel does not provide legal advice is unfounded.

Nonetheless, in an effort to put this sideshow to rest, Fortress has agreed to produce all of the

"Category 1" documents enumerated in Apple's Motion (*see* Apple's Motion at 3 n.2), with the

small exception of 10 redacted copies or versions of an internal Investment Memorandum

(attached to emails) that was prepared in connection with Fortress's acquisition of SEVEN by

2

Fortress's in-house counsel, Ami Patel Shah,[2] and Fortress's outside counsel, Thompson and Knight LLP.[3]

Fortress previously produced these Investment Memorandum versions/copies on a redacted basis and will now re-produce them with significantly fewer redactions. Fortress maintains that the remaining redactions are attorney-client privileged and/or attorney work-product because they reflect the attorney work-product of Fortress's outside counsel, Thompson and Knight LLP, and Fortress's in-house counsel, Ami Patel Shah, prepared in connection with their assessment, from a legal perspective, of the investment opportunities related to SEVEN's intellectual property and patent portfolio.[4] Exhibit A, Deposition of Erez Levy ("Levy Dep.") 61:13-19 (testifying that Ms. Shah and outside counsel perform the work analyzing and valuing patents); 197:22-198:2; 199:23-24 (describing the Investment Memorandum IP valuation as "output of the work done with Ami [Shah] and outside counsel"). Because evaluating potential investment opportunities necessarily entails evaluating potential legal claims related to the underlying patents, Ms. Shah worked closely with outside counsel, Thompson and Knight, to analyze overall patent strength, potential infringement, validity, and potential patent damages. *Id.*; *see also Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 07-CV-565, 2011 U.S. Dist. LEXIS 47807, at *14-15 (E.D. Tex. May 4, 2011) (citing *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (documents that do not relate to a specific litigation may still be

---

[2]      Fortress's in-house counsel, Ms. Shah, is an active member of the Maryland Bar and is a registered with the Patent and Trademark Office.  *See* Maryland Judiciary Attorney Listing, available at https://mdcourts.gov/cgi-bin/cstf.pl?inputname=shah&firstname=ami&submit=Submit; *see* United States Patent and Trademark Office, Patent Practitioner search website, available at https://oedci.uspto.gov/OEDCI/practitionerSearchEntry.

[3]      The attorney-client privilege applies to confidential communications made for the purpose of obtaining legal advice from counsel, regardless of whether the attorney works at a law firm or as corporate in-house counsel. *P&G v. S.C.*, No. 08-CV-143, 2009 U.S. Dist. LEXIS 147001, at *6 (E.D. Tex. May 27, 2009) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981)).

[4]      Fortress will also revise the privilege log to reflect the updated redactions and the source of the privilege for those redactions.

3

privileged)). As this Court is aware, after Fortress's acquisition of SEVEN, Thompson and

Knight served as litigation counsel for SEVEN in cases in this District against Samsung[5] and

Google[6] and in the Northern District of Texas against ZTE.[7] Thus, Fortress maintains that the

legal work performed by Ms. Shah and Thompson & Knight reflected in the redacted portions of

the Investment Memorandum is privileged.

Given that Fortress has agreed to produce the documents Apple identifies as Category 1

Documents, Apple's motion is moot and should be denied.

### B.    Apple's Motion is Moot because Fortress has agreed to produce the Category 2 Documents identified by Apple

Apple next objects to the five Gunderson documents on Fortress's privilege log. In a

show of good faith, Fortress will reproduce the "Category 2" documents enumerated in Apple's

Motion and completely removed the redactions.

Accordingly, Apple's motion with respect to the Gunderson documents is moot.

## III.    CONCLUSION

Therefore, Apple's motion to compel is moot, and should be denied.

Dated:  June 19, 2020                                    Respectfully submitted,


                                          _/s/_    _Samuel F. Baxter_____

                                          Samuel F. Baxter
                                          Texas State Bar No. 01938000
                                          sbaxter@mckoolsmith.com
                                          Jennifer Truelove
                                          jtruelove@mckoolsmith.com
                                          MCKOOL SMITH, P.C.
                                          104 East Houston, Suite 300
                                          Marshall, Texas 75670
                                          Telephone: (903) 923-9000

---

[5]    *Seven Networks LLC v. Samsung Electronics Co., Ltd.*, No. 17-cv-00441 (E.D. Tex.); *Seven Networks LLC v. Samsung Electronics Co., Ltd.*, No. 2:18-cv-00474 (E.D. Tex.).
[6]    *Seven Networks LLC v. Google LLC*, No. 2:17-cv-00442 (E.D. Tex.).
[7]    *Seven Networks LLC v. ZTE (USA) Inc.*, No. 3:17-cv-01495 (N.D. Tex.).

Facsimile: (903) 923-9099

Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8704

Kevin Schubert
kschubert@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor New
York, NY 10001 Telephone:
(212) 402-9400

Eric Hansen
ehansen@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

**ATTORNEYS FOR NON-PARTY
FORTRESS INVESTMENT GROUP,
LLC**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 19, 2020.

*/s/  Samuel F. Baxter*

Samuel F. Baxter