# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00115-JRG |
| APPLE INC, | § § § | |
| *Defendant*. | § § § | |

## ORDER

Before the Court is the Joint Motion for Clarification Regarding the Court's Focusing Order (the "Motion"). (Dkt. No. 101.) Having considered the Motion, the Court issues the following Order.

### I.  Background

On July 31, 2019, the Court issued its Order Focusing Patent Claims and Prior Art ("Focusing Order"), ordering that:

> By the date specified in the Docket Control Order, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than eighteen (18) prior art references against[1] each patent and not more than a total of ninety (90) references.[2]
>
> [1] For clarity, **each anticipation challenge and each obviousness combination or assertion count as a separate prior art reference** for purposes of the preliminary and final election.
>
> [2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

(Dkt. No. 40 at 1 (emphasis added).) On November 25, 2019, Defendant Apple, Inc. ("Apple") served its P.R. 3-3 and 3-4 First Supplemental Invalidity Contentions ("Invalidity Contentions").

(Dkt. No. 101-1.) On February 4, 2020, Apple filed its Notice Regarding Prior Art Reduction (the "Notice"), electing a reduced number of references to preserve for its invalidity case. (Dkt. No. 98.) Plaintiff SEVEN Networks, LLC ("SEVEN") and Apple (collectively, the "Parties") jointly filed the present Motion requesting clarification as to the Focusing Order, and in particular: (1) whether Apple's prior art disclosure in its Notice exceeds the Court's limit; (2) whether Apple must specify whether it is asserting anticipation or obviousness challenges; and (3) whether Apple should withdraw certain challenges for alleged lack of disclosure in its invalidity contentions. (Dkt. No. 101.)

## II.     Apple's Prior Art Disclosure Does Not Exceed the Court's Limit.

The Parties' first dispute is whether Apple's election of prior art references in its Notice exceeds the limit imposed by the Focusing Order by including 108 enumerated items, including 18 duplicates. SEVEN argues that the plain language of the Focusing Order specifies that "each anticipation *challenge*" and "each obviousness combination or *assertion*" counts as a separate prior art "reference." (Dkt. No. 101 at 2.) SEVEN argues that when a combination of prior art—a "reference"—is said to render multiple asserted patents anticipated or obvious, each listing of the reference is a separate anticipation challenge or obviousness assertion. (*Id.*) SEVEN argues that each challenge or assertion requires separate analysis, and therefore each listing is a "reference." (*Id.*)

Apple argues that its Notice complied with the Focusing Order because it includes only 90 unique references, since although "Apple's Notice contains 108 enumerated items, [ ] eighteen of them are identical to others." (*Id.* at 3.) Apple argues that the purpose of the Focusing Order was "to reduce the overall amount of prior art SEVEN anticipated Apple would assert in response to SEVEN's" assertions, and that adopting SEVEN's interpretation would "have no impact on the

overall number of prior art references that SEVEN's experts must evaluate or that the jury must consider at trial." (*Id.*)

The Focusing Order, on its face, mandates that Apple "shall assert . . . not more than a total of ninety (90) references." (Dkt. No. 40 at 1.) Apple asserted not more than a total of 90 unique references. (Dkt. No. 98.) Indeed, a total of *exactly* 90 unique references was asserted in Apple's Notice. SEVEN's distinction is one of form over substance. Were Apple to reorganize its Notice to provide that Reference X anticipated or rendered obvious three patents, Reference X would continue to indicate a sole "anticipation challenge" or "obviousness combination or assertion." That Apple asserted a reference against two, three, or more patents does not render such a reference to cost two, three, or more times its cost. The Court therefore finds that Apple's prior art disclosure did not exceed the Court's limit.

### III. Apple Must Specify Whether it is Asserting Anticipation or Obviousness Challenges.

The Parties' second dispute is whether Apple needs to specify whether its single-piece-of-prior-art references ("single-piece references") need to specify whether the reference is a § 102 or a § 103 challenge. SEVEN points to Apple's references that list a single piece of prior art (e.g., references such as "e570" or "iTunes 4.0") and argues that because "each anticipation *challenge*" and "each obviousness combination or *assertion*" counts as a separate prior art "reference," SEVEN is left guessing as to whether the single-piece references are one anticipation challenge, one single-reference obviousness assertion, or both. (Dkt. No. 101 at 4.) "[I]f both, these references would count as two references toward Apple's total." (*Id.*)

Apple argues that "nothing in the [Focusing] Order's text requires Apple to specify at the preliminary reduction stage whether it will rely on a particular reference for anticipation or single-reference obviousness." (Dkt. No. 101 at 5–6.) Apple argues that it has not improperly

3

asserted an astronomical number of combinations by failing to specify anticipation or single-reference obviousness for the single-piece references, and that its disclosure adequately provides SEVEN with appropriate notice. (*Id.* at 6.)

Apple's argument that "nothing in the [Focusing] Order's text" prohibits this gamesmanship is unavailing. Although the plain language of the Focusing Order does not specifically mandate that a single-piece reference be identified as supported by a § 102 or a single-reference § 103 invalidity theory, the Focusing Order does specify that "each anticipation challenge" and "each obviousness combination or assertion" counts as a separate prior art "reference." (Dkt. No. 40 at 1.) Therefore, by shirking identification of whether single-piece references anticipate or render obvious the asserted patents, Apple preserves an unfair ability to get two references for the price of one. The Court therefore finds that Apple must specify whether it is asserting anticipation or single-reference obviousness challenges for any reference that contains a single piece of prior art.

### IV. Apple Need Not Withdraw Certain Challenges for Alleged Lack of Disclosure in its Invalidity Contentions.

The third and final dispute between the Parties is whether Apple properly disclosed its current elections in its Invalidity Contentions. SEVEN argues that for six obviousness combinations, Apple has either not disclosed the combination at all, or not disclosed the limited identified combination. (Dkt. No. 101 at 7.) SEVEN disputes that some of the references were not properly disclosed because although the combinations of prior art may have been disclosed, Apple now flips its identification of which reference is primary (e.g., Apple's invalidity contentions identified "Loughran and Journada," but Apple's Notice now elects "Journada and Loughran"). (Dkt. No. 101 at 7, 8.) SEVEN further alleges that Apple failed to give adequate disclosure by listing large universes of prior art combinations in its Invalidity Contentions (e.g.,

"Araujo in view of Oestvall, Nokia E72 System, Sundarrajan, Bear, Huang, Douglis, Calamera, Vals, Luna 941, Ho, and/or Black 206" (Dkt. No. 101-1 at 240)) and electing in its Notice a specific combination much narrower than what was initially provided (e.g., Douglis, Araujo, and Calamera (Dkt. No. 98 at 5)). (Dkt. No. 101 at 7.)

Apple argues that identification of a piece of prior art as primary or secondary is "a distinction without a difference" because the underlying factual inquiries and the ultimate inquiry of obviousness is the same regardless of the designation of the piece of prior art as primary or secondary. (Dkt. No. 101 at 9.) Further, Apple argues that it properly disclosed references with fewer pieces of prior art than the initial combinations because "Apple disclosed each possible reference in its invalidity contentions, and has now narrowed those references in line with the Court's Focusing Order." (Dkt. No. 101 at 11.)

The Court is not persuaded by either of SEVEN's issues with Apple's initial disclosure of combinations in its Invalidity Contentions as narrowed in its Notice.[1]  As to SEVEN's first argument that Apple cannot flip identification of a piece of prior art as primary or secondary, characterization "of prior art as 'primary' or 'secondary' is merely a matter of presentation with no legal significance." *In re Mouttet*, 686 F.3d 1322, 1333 (Fed. Cir. 2012). SEVEN was properly put on notice of Apple's obviousness theories that a particular combination of prior art rendered a particular claim obvious. Whether a piece of prior art is designated first, second, or nth in the combination has no effect on the notice provided that the combination of prior art discloses each element of the claim. Indeed, the purpose of Apple's Invalidity Contentions was merely to put SEVEN on notice that particular combinations of prior art may render its asserted patents invalid, and Apple's Invalidity Contentions did exactly that.

---

[1] It is not lost on the Court that SEVEN had over two months to raise any issue with the disclosure provided by Apple's Invalidity Contentions before SEVEN received Apple's Notice.

SEVEN's second issue with Apple's disclosure is also unpersuasive because Apple's Invalidity Contentions provided the notice that they are intended and required to provide. Apple's Invalidity Contentions may have been more clearly or artfully presented to clearly show it was preserving all permutations of "X in view of A, B, and/or C,"[2] but the contentions nonetheless did put SEVEN on notice of all permutations. Apple has, in accordance with the Focusing Order, now narrowed all the combinations preserved by its disclosure in its Invalidity Contentions.

## V.     Conclusion

In view of the foregoing, it is hereby **ORDERED** that Apple specify whether it is asserting anticipation or single-reference obviousness challenges for any reference that contains a single piece of prior art. Apple shall do so within ten (10) days from the date of this Order. All other relief requested by SEVEN is **DENIED**.

**So ORDERED and SIGNED this 17th day of July, 2020.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] For example, "X in view of A, B, and/or C" puts SEVEN on notices that Apple may rely on any of these permutations: X + A; X + B; X + C; X + A + B; X + A + C; X + B + C; X + A + B + C."